UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LASHAWN T. JOHNSON, | ) | CASE NO. 5:18CR153 |
| | ) | 5:20CV1161 |
| Defendant-Petitioner, | ) | |
| | ) | SENIOR JUDGE |
| vs. | ) | CHRISTOPHER A. BOYKO |
| | ) | |
| UNITED STATES OF AMERICA, | ) | OPINION AND ORDER |
| | ) | |
| Plaintiff-Respondent. | ) | |

**CHRISTOPHER A. BOYKO, SR. J.:**

Before the Court is Defendant's Motion to Vacate under 28 U.S.C. § 2255 (Doc. 40). For the following reasons, the Court **DENIES** the Motion.[1]

**I. BACKGROUND FACTS**

On March 28, 2018, a Grand Jury indicted Defendant on three separate counts, including one count of being a Felon in Possession of a Firearm and Ammunition, a violation of 18 U.S.C. § 922(g)(1) ("Count One"). (Doc. 1). In July of 2018, Defendant changed his plea and pleaded guilty under a Plea Agreement to Count One of the Indictment. (Plea Agreement, Doc. 23). The Plea Agreement contained the following factual admissions:

> 22. Defendant agrees that the following summary fairly and accurately sets forth Defendant's offense conduct and a factual basis for the guilty plea. Defendant further agrees that the facts set forth in the summary are true and could be established beyond a reasonable doubt if the case were to proceed to trial:
>
> On February 4, 2018, in Akron, Ohio, the Defendant knowingly possessed a firearm and ammunition, specifically a Glock, Model 22, .40 caliber pistol, bearing serial number

---

[1] Defendant also requested counsel to assist with his Motion to Vacate. (Doc. 41). But given the Court's denial of the Motion, as well as the general understanding that prisoners have no constitutional right to counsel in mounting collateral attacks on convictions, *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987), the Court **DENIES** Defendant's request.

> CSU904US and 15 rounds of ammunition.  Prior to that date, the Defendant was convicted of felony offenses for which the maximum term of incarceration exceeded one year.  The firearm and the ammunition travelled in and affected interstate and foreign commerce.  The Defendant possessed the firearm in the waistband of his pants[.]

(*Id.* at ¶ 22, PageID: 72).

On October 30, 2018, the Court sentenced Defendant to 120 months imprisonment, followed by three years of supervised release.  Defendant did not appeal to the Sixth Circuit.

Instead, on May 28, 2020, Defendant filed his Motion to Vacate alleging one Ground for Relief.  (Doc. 40).  Defendant also requested counsel to assist with his Motion.  (Doc. 41).  The Government opposed the Motion to Vacate (Doc. 43) and Defendant never replied.

## II. LAW & ANALYSIS

Section 2255 of Title 28, United States Code, provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

"In order to prevail upon a § 2255 motion, the movant must allege as a basis for relief: '(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid.'" *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003) (quoting *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001)).

Defendant's sole Ground for Relief stems from the United States Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019). In *Rehaif*, the Supreme Court determined that the Government must prove a criminal defendant knew he was a felon before it could convict him of being a felon-in-possession of a firearm. *Id.* at 2194. Believing *Rehaif* is helpful to his case, Defendant filed his Motion to Vacate because he never acknowledged that he was convicted of a felony or that his prior conviction prohibited him from possessing a weapon. The Government objects on procedural grounds, while also claiming that Defendant's Ground for Relief lacks merit.

The Court agrees with the Government. Even assuming that *Rehaif* applies retroactively on collateral review;[2] that Defendant's motion is timely under 28 U.S.C. § 2255(f);[3] and that Defendant did not procedurally default his claim by failing to appeal the issue;[4] Defendant's Ground for Relief lacks merit. And the recent Sixth Circuit case of *Brown v. United States* illustrates this point.

In *Brown*, the defendant filed a § 2255 motion to vacate his conviction under 18 U.S.C. § 922(g)(1) because of *Rehaif*. 2021 WL 2470311, at * 1. The Sixth Circuit affirmed the district court's denial because *Rehaif* did not substantively support the defendant's arguments. *Id.* at *2. First, the Court reiterated precedent in holding "that the omission of the knowledge-of-status

---

[2] The Government concedes this point. (Doc. 43, PageID: 253). The Sixth Circuit is less clear whether *Rehaif* applies retroactively to cases on collateral review. *See Brown v. United States*, 2021 WL 2470311 (6th Cir. May 21, 2021) (granting a defendant's certificate of appealability to determine whether *Rehaif* applies retroactively to cases on collateral review yet sidestepping the issue); *Kelley v. United States*, 2021 WL 2373896 (6th Cir. Feb. 5, 2021) (like other cited Supreme Court decisions, *Rehaif* announced a new substantive rule that applied retroactively to cases on collateral review).

[3] Not addressed by the parties, but again, district courts have held that *Rehaif* does not fall under 28 U.S.C. 2255(f)(3) because it does not apply retroactively to cases on collateral review. *See, e.g.*, *United States v. Hasan*, 2021 WL 2784445 (N.D. Ohio July 2, 2021).

[4] The Government claims Defendant procedurally defaulted his Ground for Relief because he did not argue the claim before the Sixth Circuit. The Court agrees with this argument for the reasons stated in the Government's Opposition.

element required by *Rehaif* does not deprive the district court of jurisdiction." *Id.* (citing *United States v. Hobbs*, 953 F.3d 853, 856-57 (6th Cir. 2020)). Second, the circuit court found relevant "Brown's plea agreement admission that he had been convicted of felony offenses punishable by more than one year in prison[.]" *Id.* This admission "strongly suggest[ed Brown's] knowledge of his status." *Id.* (citing *United States v. Raymore*, 965 F.3d 475, 486 (6th Cir. 2020)). Third, the Sixth Circuit did not find that Brown's conviction must be vacated because the "district court did not advise him of the knowledge-of-status element." *Id.* at *3. Rather, the court found it "wholly implausible that Brown did not know that he was a person who had 'been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year[.]'" *Id.* (quoting 18 U.S.C. § 922(g)(1)). Accordingly, it would not have made sense for Brown to risk trial to litigate the knowledge-of-status element. *Id.* Finally, the *Brown* court found that "a district court's failure to advise a defendant of the knowledge-of-status element is not a structural error that automatically invalidates a § 922(g) conviction." *Id.* (citing *United States v. Watson*, 820 Fed. App'x 397, 400-01 (6th Cir. 2020); *Hobbs*, 953 F.3d at 857-58).

Like Mr. Brown, Defendant's § 2255 argument fails on the merits. Even after *Rehaif*, this Court maintained jurisdiction over Defendant. Moreover, the Court did not err by failing to advise Defendant of the knowledge-of-status element and this did not invalidate Defendant's § 922(g) conviction. Most importantly, Defendant's admission in his Plea Agreement that he "was convicted of felony offenses for which the maximum term of incarceration exceeded one year," strongly suggests his knowledge of his status. This suggestion is only strengthened by review of the Presentence Investigation Report, which highlights Defendant's criminal history, a history that involves multiple felony convictions. (Doc. 29, ¶¶ 34-48). These convictions led to multiple prison sentences, including sentences for two and six years. (*Id.*). Like the Sixth

Circuit in *Brown* concluded, the Court finds it "wholly implausible" that Defendant did not know that he was a person who had been convicted in any court of a crime punishable by imprisonment for a term exceeding one year.

Finally, Defendant claims he did not know his prior convictions prohibited him from possessing a weapon. (Doc. 40, PageID: 243). Whether this is a sincere belief Defendant held or not, the Government is not required to prove this fact, even after *Rehaif*. To obtain a conviction under § 922(g)(1), the government must show that: (1) the defendant had a previous felony conviction; (2) the defendant knew he had a previous felony conviction; (3) the defendant knowingly possessed the firearm; and (4) the firearm traveled in or affected interstate commerce. *Kelly v. United States*, 2021 WL 2373896, at *2 (6th Cir. Feb. 5, 2021) (citing *Rehaif*, 139 S. Ct. at 2200; *United States v. Ward*, 957 F.3d 691, 696 (6th Cir. 2020)). Noticeably absent is the requirement to show that a defendant knew that convicted felons are prohibited from possessing firearms under § 922(g)(1). *Id.* (citing *United States v. Bowens*, 938 F.3d 790, 797-98 (6th Cir. 2019), cert denied 140 S. Ct. 2572 (2020)). Accordingly, the Government did not have to prove that Defendant knew that, as a convicted felon, he could not possess a firearm and ammunition.

### III. CONCLUSION

Even considering the merits of Defendant's claim, *Rehaif* does not warrant vacating Defendant's conviction under § 922(g). Accordingly, the Court **DENIES** Defendant's Motion to Vacate (Doc. 40).

**IT IS SO ORDERED.**

                                         s/ Christopher A. Boyko
                                         **CHRISTOPHER A. BOYKO**
                                         **Senior United States District Judge**

**Dated: October 8, 2021**